UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON HACKER (#383727)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 07-204-RET-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 28, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON HACKER (#383727)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 07-204-RET-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the application of petitioner Jason Hacker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of two counts second degree murder and one count aggravated burglary in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on March 16, 2002.  Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections on each count of second degree murder, with the sentences to be served consecutively.  Petitioner was sentenced to 30 years imprisonment at hard labor on the aggravated burglary count, with the sentence to be served concurrently with the life sentences.

Petitioner's convictions and sentences were affirmed on appeal.  *State of Louisiana v. Jason Hacker*, 2002-1474 (La. App. 1st Cir. 4/2/03), 841 So.2d 101 (Table).  Petitioner's application for supervisory review was denied by the Louisiana Supreme Court.

*State of Louisiana v. Jason Hacker*, 2003-1362 (La. 11/26/03), 860 So.2d 1131.

Petitioner filed an application for post-conviction relief in the trial court asserting five grounds for relief: (1) there was insufficient evidence to support his convictions; (2) improper prosecutorial comments; (3) the petitioner was denied due process when the prosecutor introduced evidence of other crimes; (4) the petitioner's Fifth Amendment right was violated when his statement was taken without being advised of his *Miranda* rights and without access to counsel; and, (5) the petitioner received ineffective assistance of counsel.

On October 8, 2004, the trial court denied relief on the petitioner's application specifically relying on La.C.Cr.P. art. 930.4(A). Petitioner sought review by the appellate court. On September 19, 2005, the Louisiana First Circuit Court of Appeal denied review on the showing made. *State of Louisiana v. Jason Hacker*, 2005-1219 (La. App. 1st Cir. 9/19/05). Petitioner was advised that a new application must be filed on or before November 14, 2005. Petitioner once again sought review from the court of appeal. The appellate court denied review on January 26, 2006. *State of Louisiana v. Jason Hacker*, 2005-2307, (La. App. 1st Cir. 1/26/06). Petitioner sought review by the Louisiana Supreme Court, which denied review on November 17, 2006. *State of Louisiana ex rel. Jason Hacker v. State of Louisiana,* 2006-0805, (La. 11/17/06),

942 So.2d 529.

Petitioner signed his federal habeas corpus application on November 28, 2006, and it was filed on December 20, 2006 in the United States District Court for the Western District of Louisiana. Petitioner raised the following grounds for relief: (1) there was insufficient evidence to support his second degree murder and aggravated burglary convictions; (2) prosecutorial misconduct; (3) introduction of other crimes evidence; (4) his statement was obtained without *Miranda* warning and assistance of counsel; and, (5) he received ineffective assistance of counsel.

No evidentiary hearing is required. Petitioner has exhausted his state court remedies.

Section 2254(d) of Title 28 of the United States Code provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody

3

pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination.  It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law."  When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case.  The first clause of subsection (d)(1) refers to questions of law.  When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

4

**Ground 1: Insufficient Evidence**

In his first ground for relief, the petitioner argued that there was insufficient evidence to support his second degree murder and aggravated burglary convictions.

The standard for gauging the sufficiency of the evidence to support a conviction is well established. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Even if state law would impose a more demanding standard of proof, only the *Jackson* standard must be satisfied to maintain the constitutionality of a conviction. *Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992); *Schrader v. Whitley*, 904 F. 2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990). The evidence may be found sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence. *Gilley*, *supra*; *Gibson v. Collins*, 497 F.2d 780, 783 (5th Cir. 1991). The *Jackson* standard applies to both bench and jury trials. *Jackson*, 433 U.S. at 309, 311 and n. 3, 317 n. 8, 99 S.Ct. at 2783, 2785 and n. 3, 2788 and n. 8.

The substantive elements which the state must prove in order to convict a defendant are determined by state law. At the time of

the petitioner's offense, second degree murder included "the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm." LSA-R.S. 14:30.1A(1).  At the time of the petitioner's offense, aggravated burglary was defined as follows:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
> (1) Is armed with a dangerous weapon; or
> (2) After entering arms himself with a dangerous weapon; or
> (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

A review of the trial transcript shows that a fair and accurate summary of the evidence was provided by the Louisiana First Circuit Court of Appeal in its opinion.  *Hacker,* at 5-14.

With regard to the sufficiency of the evidence to support the petitioner's aggravated burglary conviction the appellate court made the following factual findings.

> The State proved the apartment was forcibly entered through testimony that the doorframe to the victims' apartment was splintered and fragments spread throughout the front of the apartment and that there were shoe prints on the door near the lock.  The intent to commit a felony or theft inside the premises can be inferred from the violent entry and the fact that the attack on the victims began almost immediately after defendant entered the apartment.

*Id.* at 5.

The appellate court made the following factual findings regarding the sufficiency of the evidence related to the second

6

degree murder convictions.

> The weapon that killed these victims unquestionably belonged to defendant.  Shortly before his arrest for these offenses, defendant admitted to Trudy Populis that he had done something wrong and that it would be a newsworthy event if he were caught.  He denied that he knew the victims or where they lived until confronted with unassailable evidence to the contrary.  Defendant attempted to fabricate an alibi through a woman he had seen only once.  Defendant needed money to pay his parole fees and had no scruples about how to obtain it, hustling the bartender and Michael Parker for money and arguing with Parker when Parker did not agree to give it to him. After defendant was arrested, he asked to be shot and killed by a detective to avoid facing the charges.  In light of these facts and the other evidence presented by the state, we find no merit in the defendant's claim that the evidence was not sufficient to support the verdicts.

*Id.* at 13-14.

A careful review of all the evidence, viewed in the light most favorable to the prosecution as required by *Jackson*, shows that there was sufficient evidence to support the petitioner's convictions.  Furthermore, the petitioner has not carried his burden to rebut the presumption of the correctness of state court's factual findings by clear and convincing evidence, as he is required to do by § 2254(e)(1).  Petitioner's insufficiency of the evidence claim has no merit.

**Ground 2: Improper Remarks by the Prosecutor,**
**Ground 3: Other Crimes Evidence, and**
**Ground 4: Statements Taken Without Miranda Warnings**

In his second ground for relief, the petitioner argued that the prosecutor made improper comments in violation of his due

process rights.   Specifically, the petitioner argued that the prosecutor referred to his culpability during his opening statement and closing arguments.

In his third ground for relief, the petitioner argued that the prosecutor improperly introduced other crimes evidence. Specifically, the petitioner argued that the prosecutor elicited testimony from the petitioner's parole officer that her caseload consisted of violent offenders and high profile offenders only. Petitioner argued that his parole officer's testimony left the jury with the impression that the petitioner was on parole for a violent crime.

In his fourth ground for relief, the petitioner argued that because he was not informed of his *Miranda*[1] rights, his statements were improperly admitted into evidence at trial.

The state district court denied review of the petitioner's prosecutorial misconduct, other crimes evidence and *Miranda* claims because the record did not reflect that the petitioner made appropriate contemporaneous objections during trial, and also on the ground that the claims are procedurally barred.  Commissioner's Report, pp. 7-12; La.C.Cr.P. arts. 841 and 930.4.

When a state court decision to deny post conviction relief rests on a state law ground that is independent of the federal questions raised by the petitioner and is adequate to support the

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

judgment, the federal courts lack jurisdiction to review the merits of the petitioner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95 F.3d 56 (5th Cir. 1996).  The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court.  The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.*, at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, *supra*, at 703.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claim must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Moore*, *supra*, at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id.*  Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id.*  Even if the state procedural rule is strictly and

9

regularly followed, the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, *supra*, at 702.

Petitioner did not even attempt to establish that the procedural rule of Articles 841 and 930.4 have not been "strictly or regularly followed," *Sones*, at 416, by the Louisiana state courts. It is well-settled that the contemporaneous objection rule is an independent and adequate state procedural ground. *Duncan v. Cain*, 278 F.3d 537 (5th Cir. 2002). Moreover, a search of reported decisions referencing La.C.Cr.P. art. 930.4(C) showed that the procedural bar is strictly and regularly followed. *Roy v. Cain*, 792 So.2d 3 (La.2001); *State ex rel. Brister v. State*, 775 So.2d 1079 (La. 2000); *State ex rel. Baylis v. Maggio*, 464 So.2d 1370 (La. 1985); *State v. Gaines*, 701 So.2d 688 (La. App. 4th Cir.1997), *writ denied*, 717 So.2d 1160 (La. 1998); *State v. Ballom*, 520 So.2d 476 (La. App. 4th Cir.), *writ granted on other grounds*, 523 So.2d 860 (La. 1988).[2]

---

[2] In one case, *State v. Butler*, 405 So.2d 836 (La. 1981), the restriction was not applied. However, an occasional "act of grace" in entertaining the merits of a claim that might be viewed as procedurally defaulted does not constitute a failure to strictly or regularly follow the rule at issue. *See Hogue v. Johnson*, 131 F.3d 466, 487-88 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it.  Nor has the petitioner made a showing to support a claim of factual innocence.

**Ground 5: Ineffective Assistance of Counsel**

In his fifth ground for relief, the petitioner argued that he was denied effective assistance of trial counsel.  Specifically, the petitioner argued that trial counsel were ineffective when they: (1) failed to call witnesses on his behalf which would establish an alibi defense; (2) failed to object to the prosecutor's reference to statements outside of evidence; (3) failed to demand a mistrial after the erroneous introduction of other crimes evidence;  and, (4) failed to request a continuance in order to further evaluate the bloody palm print found on the murder weapon.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064; *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511 (2000).  There is a strong presumption that counsel performed adequately and exercised reasonable professional judgment. *Virgil*

11

*v. Dretke*, 446 F.3d 598, 608 (5th Cir. 2006). "[A] conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness". *Id.* (internal quotation marks omitted). However, there is a distinction between strategic judgment calls and plain omissions. *See Loyd v. Whitley*, 977 F.2d 149, 158 (5th Cir. 1992). The court is "not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all." *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999).

To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94, 104 S.Ct. at 2068; *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983)(petitioner required to show that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Stated differently, a constitutional trial error is harmful only if there is "more than a mere reasonable possibility that it contributed to the verdict."

*Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999).

### 1. Failure to Subpoena Alibi Witnesses

In the first component of the petitioner's ineffective assistance of counsel claim he argued that counsel rendered ineffective assistance when they subpoenaed, but then failed to call to testify, two witnesses who would provide an alibi. Petitioner further argued that counsel were ineffective when they failed to call as a witness an unidentified insurance agent who would establish that the petitioner was to receive a $3,800 insurance claim check on the day of the murders.

On direct appeal, the petitioner proffered the affidavits of Eula Jackson and Joseph Jackson.  The affidavits were signed by the witnesses and purportedly executed before a notary on September 9, 2002 and September 11, 2002, respectively.  According to the affidavits, the petitioner was at the Jacksons' homes at the time the murders are believed to have occurred.

The Louisiana First Circuit Court of Appeal made the following factual findings:

> The trial record indicates that counsel diligently cross-examined the state's witnesses, opposed numerous state motions including the state's attempts to introduce evidence of prior criminal acts by the defendant and to obtain blood and saliva samples from the defendant, and conscientiously functioned as the defense counsel to which defendant was entitled.

*Hacker*, *supra*, at 15-16.

However, specifically regarding these two alibi witnesses, the

13

appellate court stated: "Moreover, we will not speculate about why counsel chose not to call the alibi witnesses defendant names." *Id.* at 15.  This is certainly an understandable statement to make since nowhere in the record is there any explanation for the failure to call either of the Jacksons to offer alibi testimony. There was nothing to suggest that either of them would have been subject to significant impeachment, or their credibility was suspect, or that they would not have offered alibi testimony.  To the extent the First Circuit Court of Appeal found as a fact that the decision to not call the Jacksons was trial strategy,[3] it is "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]

It is true that counsel's conscious and informed decision on trial tactics and strategy is not a permissible basis for a claim of ineffective assistance of counsel unless the strategy was so poor that it robbed the defendant of any opportunity to get a fair trial.  *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  But the record before First Circuit Court of Appeal simply does not reasonably support a finding that defense counsel made a conscious

---

[3] The appellate court first explained that, as a general proposition, "[t]he election to call or not call a particular witness is a matter of trial strategy and not, per se, evidence of ineffective assistance of counsel."  However, it did not then actually find that defense counsel made a strategic decision to not call the Jacksons.

[4] 28 U.S.C. § 2244(d)(2),

and informed decision to not call the Jacksons as witnesses.

This issue was also raised in the petitioner's PCRA in the trial court.  Since the trial court did not hold an evidentiary hearing, no evidence was taken regarding why the Jacksons were not called to testify at the trial.  The state court denied relief on this claim based on Art. 930.4(A) since the claim was previously raised and decided on direct appeal.[5]

Thus, nowhere in the entire state court record is there evidence explaining why defense counsel failed to call the Jacksons as trial witnesses.  The conclusion that it was trial strategy is based entirely on speculation.

Even assuming that defense counsel were constitutionally ineffective for failing to present available alibi testimony, to prevail on his ineffective assistance of counsel claim, the petitioner must also establish prejudice.  *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067.

At the trial the state did not offer any DNA evidence affirmatively establishing the petitioner's presence at the murder scene.  The state did offer evidence that a knife belonging to the petitioner was the murder weapon.  However, the only finger print belonging to the petitioner found on the knife was found under the tape which was wrapped around knife handle; no other identifiable

---

[5] Commissioner's report, p. 16; Order Denying Post Conviction Relief, p. 1.

finger prints belonging to the petitioner were found on it.  One palm print was found on the knife, but it could not be identified as coming from the petitioner.  There was no eyewitness testimony placing the petitioner at the murder scene anytime the night of the crime.  Had the Jacksons testified as proffered by the petitioner, their testimony would have negated his presence at the time of the crime.

Of course, it is possible that the jury might have given little weight to the Jacksons' testimony, or might have found other evidence more persuasive.[6]  But this, too, is just speculation.  At this point, the petitioner does not need to show that the jury would have acquitted him if the Jacksons' alibi evidence had been presented.  All the petitioner must show is that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Based on the present record, he has carried that burden as to defense counsel's failure to call the Jacksons as alibi witnesses.

Petitioner has not carried his burden regarding his ineffective assistance of counsel claim based on the failure to call an unidentified insurance agent.  Although included in this aspect of the petitioners's ineffective assistance of counsel claim, the petitioner does not argue that the unidentified agent

---

[6] As explained above, the evidence offered was sufficient to support the convictions.

16

would have provided the petitioner with an alibi for the night of the murders.  At most, the agent would have offered testimony which could have challenged the state's evidence of motive.

Unlike the Jacksons, who were subpoenaed for trial, the record does not indicate that defense counsel knew about the agent before the trial.  And unlike the Jacksons, who later provided statements summarizing their testimony, the petitioner offered no affidavit or statement from the agent indicating that he would, in fact, have testified as claimed by the petitioner.

Consequently, the state court's determination that failure to call the unidentified insurance agent was not ineffective assistance of counsel was not "contrary to, or involved an unreasonable application of, clearly established Federal law."[7]

The first component of the petitioner's ineffective assistance of counsel claim warrants an evidentiary hearing to determine whether defense counsel's decision to not call the Jacksons as witnesses was trial strategy rather than an unprofessional error.

### 2. Failure to Object to Prosecutorial Remarks

In the second component of the petitioner's ineffective assistance of counsel claim he argued that trial counsel were ineffective when they failed to object to the prosecutor's reference to statements outside of the evidence.  Presumably, this

---

[7] 28 U.S.C. § 2254(d)(1).

17

refers to the prosecutor's reference to the petitioner's culpability during his opening statement and closing arguments.

When a habeas petitioner alleges a generic due process violation due to improper prosecutorial comments, a reviewing court must determine whether the remarks, "in the context of the entire trial, were sufficiently prejudicial to violate [the defendant's] due process rights." *Donnelly v. DeChristoforo*, 416 U.S. 637, 639, 94 S.Ct. 1868, 1869 (1974). It is not enough that the remarks were "undesirable or even universally condemned," *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983), *affirmed, Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464 (1986); a petitioner may obtain relief only if "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. at 180, 106 S.Ct. at 2471 (*quoting Donnelly*, 416 U.S. at 643, 94 S.Ct. at 1871). "The prosecutor's remarks do not present a claim of constitutional significance unless they were so prejudicial that [the petitioner's] state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment." *Rushing v. Butler*, 868 F.2d 800, 806 (5th Cir. 1989). A trial is fundamentally unfair only if the prosecutor's remarks evince either persistent or pronounced misconduct, or the evidence was so insubstantial that in all probability but for the remarks the petitioner would not have been convicted. *Id., citing Kirkpatrick*

*v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985); *Fulford v. Maggio*, 692 F.2d 354, 359 (5th Cir. 1982), *reversed on other grounds*, 462 U.S. 11, 103 S.Ct. 2261 (1983).  When attacked, prosecutorial comments are not considered in isolation, but are evaluated in the context of the entire trial as a whole.  *Rushing*, at 806; *Kirkpatrick*, at 281.

During opening statements, the prosecutor told the jury that Michael Ezell, a prisoner who shared a cell with the petitioner at some point, would testify.  However, the prosecutor did not state the substance of the testimony Ezell was expected to offer.[8]

During closing arguments, the prosecutor told the jury that Ezell did not testify and speculated that he did not do so because he did not want to be characterized as a "rat" in prison.[9]

The remarks made by the prosecutor during opening statements and closing argument did not constitute "persistent and pronounced misconduct."  *Kirkpatrick,* at 821, *quoting Fulford*, at 359.  Nor does a review of the record support the conclusion that "the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred."  *Id.*  On his direct appeal the petitioner challenged the sufficiency of the evidence. The First Circuit Court of Appeal found his challenge had no merit. *State of Louisiana v. Hacker, supra*.  Although it did not analyze

---

[8] Trial Transcript, Vol. III, Opening Statements, pp.14-15.

[9] Trial Transcript, Vol. V, Closing Arguments, pp. 7-8.

the evidence in the context of a prosecutorial misconduct claim, its review refutes any argument that the evidence against the petitioner was insubstantial.   An independent review of the evidence supports the finding that there is no probability the petitioner would not have been convicted but for the prosecutor's remarks.

There is no basis upon which to conclude that there is a reasonable probability that, but for counsel's failure to object to the prosecutor's comments during opening statements and closing argument, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.   Sufficient evidence was offered to support the petitioner's convictions.   The second component of the petitioner's ineffective assistance of counsel claim is without merit.

### 3. Failure to Move for a Mistrial Based on Other Crimes Evidence

In the third component of the petitioner's ineffective assistance of counsel claim he argued that trial counsel were ineffective when they failed to move for a mistrial after the erroneous introduction of other crimes evidence.   Specifically, the petitioner argued that counsel should have moved for a mistrial after his parole officer testified that her caseload consisted of high profile and violent offender cases only.

The testimony did not constitute evidence of other crimes

20

committed by the petitioner.   Counsel were not deficient for failing to seek a mistrial nor was the petitioner prejudiced.

### 4. Failure to Request a Continuance

In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that defense counsel were ineffective when they failed to request a continuance to further evaluate the bloody palm print found on the murder weapon.

Petitioner has not shown that defense counsel were deficient for failing to seek a continuance nor that he was prejudiced. Petitioner has not shown that any additional exculpatory information could have been obtained from further examination of the bloody palm print.

There is no basis upon which to conclude that there is a reasonable probability that, but for the enumerated errors by trial counsel alleged in the second through fourth components of the petitioner's ineffective assistance of counsel claim, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.   These aspects of the petitioner's ineffective assistance of counsel claim are without merit.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be denied as to Claims 1 through 4 and as to the second through fourth components

21

of Claim 5.

It is further recommended that counsel be appointed to represent the petitioner, pursuant to Rule 8(c), Rules Governing Section 2254 Cases, and as provided by the Criminal Justice Act, 28 U.S.C. § 3006A(a)(2)(B), and that an evidentiary hearing be held on the first component of Claim 5, specifically, ineffective assistance of counsel for failure to call Eula Jackson and Joseph Jackson as witnesses at the trial.

Baton Rouge, Louisiana, January 28, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE